Nicole E. CULVER, Respondent,

v.

Mark A. CULVER, Appellant.

No. ED 90730.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 9, 2008.

Kirk C. Stange, St. Louis, MO, for appellant.

Eric C. Harris, Law Offices of Eric C. Harris, P.C., Park Hills, MO, for respondent.

Before NANNETTE A. BAKER, C.J., GEORGE W. DRAPER III, J., and KENNETH M. ROMINES, J.

## *ORDER*

PER CURIAM.

Appellant Mark A. Culver ("Husband"), appeals from the judgment of the Circuit Court of St. Francois County, the Honorable Troy K. Hyde presiding, dissolving his marriage with Nicole E. Culver ("Wife"). During the marriage, Wife's father named her a beneficiary and trustee of a discretionary sub-trust, which the trial court found to be Wife's separate property. The sub-trust made several loans to Husband and Wife, all of which were used to purchase property and pay living ex-

---

penses. Husband and Wife also purchased a farm, which was owned directly by the sub-trust, and the court so found. The court found that debts in the marital home offset any equity, and awarded both the home and the debts owed the sub-trust to Wife. The court also awarded Wife all interest in Woodland Parts Supply, Inc., a business she started before the marriage but incorporated during the marriage.

Husband raises several points on appeal, all concerning the court's division of property. He argues that the sub-trust is joint property. He further argues that the loans from the sub-trust need not be repaid, thus the court erred in concluding there was no equity in the marital home. Husband also argues he contributed substantially to the increase in value of the farm, thus the court erred in failing to award him a proportion of the farm's appreciation. Finally, he argues that because Wife's business was incorporated during the marriage, it became joint property.

We have reviewed the briefs and the record on appeal, and we find the judgment is supported by substantial evidence and is not against the weight of the evidence. Thus, a written opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.